# UNITED STATES DISTRICT COURT

District of Idaho

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Miguel Angel Fernandez-Valencia aka Jorge Valencia-Herrera | Case Number: 07-CR-00053-001-BLW |
| | USM Number: 12682-023 |
| | Robert Kim Schwarz |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   one of a one count Indictment.

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 8 USC § 1326(a) | Illegal Re-Entry | 01/18/2007 | 1 |

    The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

May 29, 2008
Date of Imposition of Judgment

_Signature of Judge_

John C. Coughenour, United States District Judge
Name and Title of Judge

5/30/08
Date

DEFENDANT: Miguel Angel Fernandez-Valencia aka Jorge Valencia-Herrera
CASE NUMBER: 07-CR-00053-001-BLW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    seventy-seven (77) months.  Term of imprisonment shall run concurrently with the defendant's term of imprisonment pursuant to judgment in State of Idaho, Fifth Judicial District Court, Blaine Co, docket number CR2006-0001420.

Defendant shall submit to DNA collection while incarcerated by the Bureau of Prisons or, absent collection while imprisoned, then at the direction of the U.S. Probation Office upon release.

☐ The court makes the following recommendations to the Bureau of Prisons:

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

   ☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: Miguel Angel Fernandez-Valencia aka Jorge Valencia-Herrera
CASE NUMBER: 07-CR-00053-001-BLW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : three (3) years

Court finds that the defendant poses a high risk of future substance abuse such that mandatory drug testing is ordered pursuant to 18 U.S.C. § 3563(a)(5) or 18 U.S.C. § 3583(d).

The defendant must report to the probation office in the district to which the defendant is released or allowed to re-enter within 72 hours of release from the custody of the Bureau of Prisons, or re-entry to the United States.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment on supervised release and to periodic drug tests thereafter, not to exceed a maximum number of 5 per month.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Miguel Angel Fernandez-Valencia aka Jorge Valencia-Herrera
CASE NUMBER: 07-CR-00053-001-BLW

## SPECIAL CONDITIONS OF SUPERVISION

While on supervised release the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by this court. All standard conditions of supervision shall apply, plus the following special conditions:

1. Court finds that the defendant poses a high risk of future substance abuse such that mandatory testing is ordered. Defendant shall be required to submit to a drug test within 15 days of release on supervised release and to periodic drug tests thereafter not to exceed a maximum of 5 per month.

2. Defendant shall not possess firearms or other dangerous weapons.

3. The defendant shall submit to search of his person, place of residence, or automobile at the direction of the U. S. Probation Officer and submit to seizure of any contraband found therein.

4. The defendant shall comply with the rules and regulations of the Bureau of Immigration and Customs Enforcement, and if deported from this country, either voluntarily or involuntarily, shall not reenter the United States without permission from the Secretary of the Department of Homeland Security. Within 72 hours of release from any custody or reentry to the United States during the term of Court ordered supervision, the defendant shall report in person to the probation office in the district to which the defendant is released.

5. Pursuant to 18 §§ 3563(a)(9) and 3583(d), the defendant shall cooperate in the collection of DNA as directed by the probation officer or Bureau of Prisons.

DEFENDANT: Miguel Angel Fernandez-Valencia aka Jorge Valencia-Herrera
CASE NUMBER: 07-CR-00053-001-BLW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ waived | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

**TOTALS**          $ _____          $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Miguel Angel Fernandez-Valencia aka Jorge Valencia-Herrera
CASE NUMBER: 07-CR-00053-001-BLW

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay any fine or special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release to the Clerk of the U. S. District Court, 550 W. Fort Street, Suite 400, Boise, Idaho 83724. The defendant shall submit nominal payments of not less than $25 per quarter while incarcerated through the Inmate Financial Responsibility Program. Further, the defendant shall submit nominal and monthly payments of 10% of his gross income, but not less than $25 per month, during the term of supervised release. This payment schedule will be in effect unless further reviewed by the court. A review may take place at any time and will be based upon a change in defendant's financial circumstances

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.